UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

    SARA ANN EDMONDSON,

        Debtor.

Case No. 23-20396

Chapter 13

Jerrold N. Poslusny, Jr.

## DECISION DENYING CONFIRMATION OF PLAN

Sara Ann Edmondson (the "Debtor") seeks confirmation of her modified Chapter 13 plan (the "Plan"). Lilliston Ford, Inc. ("Lilliston"), a judgment creditor, objects to confirmation. For the reasons discussed below, confirmation is denied.

### Background

For a more complete history of the dispute between these parties, see the several opinions written by Chief Judge Bumb on the matter. See, e.g., Edmondson v. Lilliston Ford, Inc., 2023 WL 6890843, at *1 (D.N.J. Oct. 19, 2023) (No.13-7704). I incorporate the October 2023 opinion by reference. The dispute between the Debtor and Lilliston began over a vehicle the Debtor purchased from Lilliston. Id. The Debtor sued Lilliston, lost in arbitration, and in April 2017, the District Court denied her motion to vacate and entered a judgment awarding fees and costs totaling $10,709.39, which judgment was affirmed by the Third Circuit. Edmondson v. Lilliston Ford Inc, 722 F. App'x 251, 253 (3d Cir. 2018).

The Debtor then failed to comply with post-judgment discovery and began filing a myriad of motions described by the District Court as "frivolous," resulting in the District Court granting a further judgment of over $144,000 on June 24, 2021 (the "Judgment"). Edmondson v. Lilliston Ford, Inc., 2023 WL 6890843, at *3. On August 2, 2021, the District Court entered an order barring the Debtor from filing any further pleadings related to the case without first obtaining permission, unless the Debtor was represented by counsel. Id. Finally, on October 24, 2023, after additional filings by both parties, the District Court issued an order allowing Lilliston to execute on the

Debtor's residence located at 71 Rainbow Trail, Pittsgrove, New Jersey (the "Property"). Id. at *5. The Debtor then filed an appeal (the "Appeal"), stating that she is appealing district court docket entries 238, 239, 242, and 250. Dkt. No. 54-8.

The Debtor filed this Chapter 13 case on November 7, 2023 (the "Petition Date"). Dkt. No. 1. The Debtor's Schedule A/B states that she owns the Property, and values it at $350,000. Id. Members First of New Jersey Federal Credit Union holds a mortgage against the Property, and filed a secured proof of claim for $138,390.49, see Proof of Claim 1-1, nearly identical to the amount listed in the Debtor's Schedule D. Dkt. No. 1. Schedules I and J show that the Debtor has a net monthly income of $400. Dkt. Nos. 1, 5. Lilliston filed a secured claim based on the Judgment in the amount of $146,094.84 (the "Claim"). See Proof of Claim 2-1.

The Debtor's initial plan, filed on the Petition Date, proposed to pay $270 per month for twelve months as adequate protection to Lilliston while her Appeal is pending (assuming it would be decided within twelve months) and that the plan could be extended up to sixty months, if needed. Dkt. No. 4. Two days later the Debtor filed another plan that appears to be identical to the initial plan. Dkt. No. 9. On January 7, 2024, the Debtor filed a modified plan. Dkt. No. 26. That plan proposed to pay $250 per month for thirty-six months. The Debtor argued this amount would provide Lilliston adequate protection in the form of post-judgment interest while the Appeal is pending. The plan further notes that the Debtor expects the Appeal to be resolved within a year, and that an amended plan would be filed to adjust the payment to pay all creditors in full over sixty months. At a hearing on January 17, the Court denied confirmation of that modified plan for several reasons including that the monthly payment was not sufficient to pay the proper rate of post-judgment interest especially because the plan proposed to pay attorneys' fees as an administrative expense.[1] An order denying confirmation was entered the same day. Dkt. No. 29.

---

[1] The Court's oral decision related to denial of the modified plan is incorporated herein by reference.

On January 30, the Debtor filed the Plan, and now seeks confirmation. The Plan proposes to pay the Trustee $482 per month for thirty-six months. The Debtor argues the Appeal will be resolved within a year and that the amount is sufficient to be considered adequate protection for the Judgment and to pay other administrative expenses. Further, the Debtor proposes to adjust the Plan once the Appeal is resolved. Dkt. No. 34.

Lilliston objects, arguing that the Debtor has sufficient equity in the Property to satisfy its Claim in full. Further, Lilliston argues that the Appeal considers only the order authorizing execution on the Property, and not the underlying Judgment, which is now almost three years old, final, and non-appealable. Dkt. No. 41. Lilliston argues the Plan was filed in bad faith, and that it does not treat the Claim as the Bankruptcy Code requires. Id.

At a hearing on April 2, the Court asked the parties to: (1) explain the issues before the Third Circuit, and (2) brief whether it is permissible for the Debtor to make interest-only payments while the Appeal is pending. The Debtor filed a certification making multiple arguments related to the initial dispute over the vehicle and arguing that the District Court erred in its initial judgment in favor of the Lilliston. The Debtor argues that because of those alleged errors, she should be permitted to make interest only payments. Dkt. No. 55. Lilliston's brief notes that the Debtor's Notice of Appeal lists docket entry numbers 238, 239, 242, and 250, as the only docket entries on appeal. These docket entries relate to the District Court's decision to allow Lilliston to execute on the Property. Lilliston also argues that because the Debtor is not appealing the underlying judgment, there is no justification for the Plan to make interest-only payments. Dkt. No. 54.

At the confirmation hearing on May 15, 2024, the Debtor's counsel argued that certain pleadings filed by Lilliston were not properly served and that because of the service issues he did not have an opportunity to timely file a reply. Based on those representations and to afford the Debtor a full opportunity to be heard, the Court adjourned the confirmation hearing to June 5, and

set May 28 as the deadline for the parties to file additional pleadings.[2] The Court further confirmed

that both parties consent to the Court ruling on confirmation of the Plan "on the papers" as allowed

by Local Rule 9013-3(d)(2). The deadline for filing additional pleadings has passed, the Court

does not require oral argument and is ready to rule.

### Discussion

Regardless of the parties' arguments, the overarching issue before the Court is whether the

Debtor meets the requirements for confirmation of the Plan. To determine that issue, it is important

to understand what is before the Third Circuit, because that will impact how the Plan must treat

the Claim. The Debtor's argument that the Judgment is on appeal fails for several reasons. First,

the Notice of Appeal lists several decisions and orders that she appeals, but each concerns the

District Court's order allowing Lilliston to execute on the Property to collect on the Judgment. The

Appeal is not related to the underlying Judgment, meaning that even if the Debtor is successful,

the Judgment will remain in place. See Dkt. No. 54. This is supported by the Debtor's informal

brief before the Third Circuit where the Debtor asks the Third Circuit to "[r]everse all of the

District Court's post-judgment orders and writs . . . ." Dkt. No. 54-7 (emphasis added). In other

words, if the Debtor were successful on appeal, the Judgment would not be altered, only Lilliston's

means of collection. Moreover, the Debtor already appealed the initial judgment, and that

judgment was affirmed by the Third Circuit, and therefore, it is final. See Edmondson v. Lilliston

Ford Inc, 722 F. App'x 251 (3d Cir. 2018).

Further, the Judgment was entered in June 2021, and therefore the time to appeal it expired

over two years ago. See Fed. R. App. P. 4; Abulkhair v. Liberty Mut. Ins. Co., 405 F. App'x 570,

573 (3d Cir. 2011). As the District Court stated in its recent decision, the Debtor "lost this lawsuit

---

[2] The Debtor's counsel was properly served under Fed. R. Civ. P. 5, made applicable by Fed. R. Bankr. P. 7005, but the Court would have nevertheless allowed the Debtor a brief adjournment to file a further reply.

years ago," and this cannot be altered by the Appeal currently before the Third Circuit. <u>Edmondson</u> <u>v. Lilliston Ford, Inc.</u>, 2023 WL 6890843, at *1. As such, even if the Debtor prevails on her Appeal, the Judgment will not be vacated, and Lilliston will still be entitled to a substantial, if not full payment.

A.  <u>Confirmation of the Plan</u>

Section 1325 lays out the elements a debtor must satisfy to confirm a plan. 11 U.S.C. § 1325. The Debtor has the burden of proof as to all elements of section 1325. <u>In re McKinney</u>, 507 B.R. 534, 539 (Bankr. W.D. Pa. 2014).

The Claim was filed as a secured claim and to date there is no objection. Therefore, it must be treated as a secured claim in any plan. Section 1325(a)(5) requires a court to confirm a plan if "with respect to each allowed secured claim[:]" (1) the holder retains the lien until the claim is paid in full; (2) the value of the property distributed under the plan not less than the amount of the claim; and (3) the payments are in equal monthly amounts. 11 U.S.C. § 1325(a)(5)(B). Alternatively, the Debtor can surrender the property securing the claim, or gain the creditor's acceptance of the plan. <u>Id.</u> § 1325(a)(5)(A), (C).

Because Lilliston has not agreed to the terms of the Plan, and the Debtor is not surrendering the Property, the Plan must satisfy section 1325(a)(5)(B). Assuming the Plan was to pay the Claim out over a maximum length plan, the Debtor would have to make sixty monthly payments of $2,434.91, which sum does not include amounts needed to pay unsecured creditors, the Chapter 13 trustee's commissions, or the Debtor's attorneys' fees. The Plan fails to provide for this payment, and therefore, cannot be confirmed.

Even if the Debtor were to object to the Claim arguing it should be treated as an unsecured claim or if she were to prevail with her appeal before the Third Circuit, it would not materially change the amount necessary to fund a plan. Although section 1325(a)(5) would no longer apply

to the Claim, section 1325(a)(4) would. Section 1325(a)(4) requires that, "the value . . . of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate were liquidated . . .." 11 U.S.C. § 1325(a)(4). Section 1325(a)(4), referred to as the "best interest of creditors test," requires that unsecured creditors be paid, at a minimum, the amount which they would be paid if the case were a hypothetical Chapter 7 liquidation case. In re Cumba, 505 B.R. 110, 114 (Bankr. D.P.R. 2014).

As discussed above, the Property is worth $350,000 with a mortgage against the Property for approximately $138,000. Even after considering the Debtor's $27,900 exemption in the Property, there is approximately $184,000 of equity that would be available for payment to unsecured creditors – likely more than enough to pay all unsecured creditors in full.

Therefore, even if the Claim were re-classified as unsecured, a plan would have to provide for a substantial, if not full, payment to Lilliston. See 11 U.S.C. § 1325(a)(4).[3]

### Conclusion

For the reasons stated Confirmation is Denied. The Debtor may file a further amended plan within two weeks, however, any amended plan must provide for proper treatment of Lilliston's Claim.

Dated: June 11, 2024

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

---

[3] The Court questions whether the Debtor could file any plan that would pay Lilliston's Claim in full and allow the Debtor to retain the Property because the Debtor's net monthly income is $400, while a sixty-month plan would require monthly payments of more than $2,434.91.